UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JOHN VAJDOS, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED, <br><br> PLAINTIFF <br><br> v. <br><br> CUSTER RESOURCES AND ASSOCIATES, LLC AND LEN ELWOOD CUSTER III, INDIVIDUALLY, <br><br> DEFENDANTS | CIVIL ACTION NO. 5:21-cv-1265 |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff John Vajdos brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended. For cause of action, Plaintiff would respectfully show as follows:

### I. NATURE OF DEMAND

1. The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2. Defendants have violated the FLSA by failing to pay Plaintiff and similarly situated employees in accordance with the guarantees and protections of the FLSA. Defendants have failed and refused to pay these employees at time-and-one-half their regular rates of pay for all hours worked in excess of forty hours within a workweek.

3. John Vajdos, on behalf of himself and all other similarly situated landmen, brings this collective action to recover overtime compensation, liquidated damages, attorney's fees, litigation costs, costs of court, and pre-judgment and post-judgment interest under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").

4. For at least three years prior to the filing of this Complaint, Defendants willfully committed violations of the FLSA by failing to pay overtime premiums to their non-exempt landmen for hours worked in excess of forty hours per workweek.

## II. PARTIES

5. Plaintiff John Vajdos is an individual who resides in this judicial district. He was employed as a landman by Defendants within the meaning of the FLSA from August 2008 through October 22, 2021, the date he was simultaneously fired and physically assaulted by the President and co-owner of Defendant Custer Resources and Associates, LLC, Defendant Len Elwood Custer III.

6. Defendant Custer Resources and Associates, LLC is a domestic limited liability company with its primary place of business in Karnes County, Texas.

7. Custer Resources and Associates, LLC was an employer of Plaintiff and those similarly situated as defined by 29 U.S.C. §203(d).

8. Custer Resources and Associates, LLC can be served with process by serving its registered agent, Len Elwood Custer III, at P.O. Box 240, Kenedy Texas 78119, or at 113 S. Sunset Strip, Kenedy, Texas 78119.

9. Defendant Len Elwood Custer III ("Len Custer") is an individual who is the President and co-owner of Custer Resources and Associates, LLC.

10. Len Custer was an employer of Plaintiff and those similarly situated as defined by 29 U.S.C. §203(d).

11. Len Custer can be served with process by serving him at P.O. Box 240, Kenedy Texas 78119, or at 113 S. Sunset Strip, Kenedy, Texas 78119.

12. At all times hereinafter mentioned, Len Custer has exercised managerial responsibilities and substantial control over Defendants' employees, including Vajdos, and the terms and conditions of their employment. Len Custer has the authority to, and has exercised his authority to: hire, fire and direct Defendants' employees, including Vajdos; supervise and control the employment relationships and work schedules of Defendants' employees, including Vajdos; set and determine the rate and method of pay of Defendants' employees, including Vajdos; and decide whether Vajdos and other similarly situated landmen receive overtime compensation. Defendant Len Custer also kept business records for Defendants' employees, including Vajdos.

### III. JURISDICTION AND VENUE

13. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA"). Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337.

14. The Court has personal jurisdiction over Defendants because they conduct business in Texas and have entered into relationships with Plaintiff in Texas and have committed actions in Texas that give rise to this cause of action.

15. Venue is proper in the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. §

1391(b), because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## IV. COVERAGE UNDER THE FLSA

16. At all relevant times, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Plaintiff.

17. At all times hereinafter mentioned, Defendants have been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

18. At all times hereinafter mentioned, Defendants have each been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

19. At all times hereinafter mentioned, Defendant Custer Resources and Associates, LLC been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendant Custer Resources and Associates, LLC is an enterprise and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

20. At all times hereinafter mentioned, Defendants employed individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendants at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

## V. FACTUAL ALLEGATIONS

21. Defendants negotiate with landowners on behalf of oil and gas companies to acquire leases for the

exploration and development of oil and gas sources.  Defendants also check and clear title to land prior to oil and gas exploration.   Defendants do this by utilizing a team of non-exempt landmen, whom Defendants knowingly and improperly classified as independent contractors.

22. John Vajdos was employed by Defendants as a non-exempt landman.

23. John Vajdos was paid on a day rate basis.

24. John Vajdos consistently worked more than forty hours per workweek.

25. John Vajdos and the putative class of other landmen were all misclassified as independent contractors.

26. Even though Defendants classified their landmen as independent contractors, Defendants knew their landmen were employees.

27. Defendants controlled all aspects of the work performed by their landmen.

28. Defendants determined the hours worked by their landmen.

29. Defendants determined the clients for whom their landmen would work.

30. Defendants determined which projects were assigned to specific landmen.

31. Defendants provided office space for their landmen.

32. Defendants provided telephones and copiers for their landmen.

33. Defendants reviewed the work performed by their landmen, and required the landmen correct their work product when Defendants felt it was substandard or incorrect.

34. Defendants determined the compensation each of their landmen received.

35. Defendants disciplined their landmen.

36. Defendants hired and fired their landmen.

37. Indeed, Defendant Custer fired Plaintiff John Vajdos immediately prior to punching him three times in the stomach.

38. Prior to physically assaulting Plaintiff, Custer screamed "You need to get your f---ing ass out of

here, you're fired."

39. Defendants classified their landmen as independent contractors in order to avoid the tax consequences of employing the landmen as employees and to avoid the overtime requirements of the FLSA.

40. Defendants have employed and are employing other individuals as landmen who were subjected to the same treatment as Plaintiff, in that they are not paid overtime premiums for any hours worked over forty per workweek.

41. Defendants have knowingly, willfully, or with reckless disregard carried out, and continue to carry out, their illegal pattern or practice of failing to pay overtime compensation to Plaintiff and all other similarly situated landmen.

## V. COLLECTIVE ACTION ALLEGATIONS

42. Plaintiff seeks conditional certification pursuant to 29 U.S.C. § 216(b) of the following class (the "FLSA Class Members"):

> **All current and former landmen who were employed by Defendants for the past three years who were not paid at the rate of at least one-and-one-half of their regular rates of pay for all hours worked in excess of forty (40) hours in a workweek.**

43. Plaintiffs were subjected to the same pay provisions in that they were all paid a day rate, but they were not compensated at the rate of at least one and one-half their regular rates of pay for all hours worked in excess of 40 in a workweek. Thus, the Class Members are owed unpaid overtime for the same reasons as Plaintiff, without regard to their individualized circumstances or their job duties.

44. Defendants' failure to compensate their employees for hours worked in excess of 40 in a workweek as required by the FLSA results from a policy or practice of failing to pay overtime compensation to the FLSA Class Members in the manner described herein above. This policy or practice is and has been, at all relevant times, applicable to the Plaintiff and all FLSA Class Members. Application

of this policy or practice does not depend on the personal circumstances of the Plaintiff or those joining this lawsuit. Rather, the same policy or practice that resulted in the non-payment of overtime compensation to Plaintiff also applied to all FLSA Class Members.

## VI. CAUSE OF ACTION

### FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

45. Plaintiff incorporates all allegations contained in the foregoing paragraphs as though fully set forth herein.

46. During the relevant period, Defendants have violated and are violating Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2) by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-one-half times their regular rates for which they were employed.

47. Defendants have acted willfully in failing to pay Plaintiff and other similarly situated landmen in accordance with applicable law.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for an expedited order certifying a class and directing notice to putative class members pursuant to 29 U.S.C. § 216(b) and on trial of this cause, judgment against Defendants, jointly and severally, as follows:

a. For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendants liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit);

  b. For an Order awarding Plaintiff (and those who may join in the suit) the taxable costs and allowable expenses of this action;

  c. For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees;

  d. For an Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

  e. For an Order awarding Plaintiff declaratory and injunctive relief as necessary to prevent the Defendants' further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. and the Texas common law; and

  f. For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully Submitted,

**MORELAND VERRETT, P.C.**
700 West Summit Dr.
Wimberley, Texas 78676
Tel: (512) 782-0567
Fax: (512) 782-0605

By: */s/ Douglas B. Welmaker*
   Douglas B. Welmaker
   Texas State Bar No. 00788641
   doug@morelandlaw.com

**ATTORNEY FOR PLAINTIFF**